UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARLA K. ALLSBERRY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-02366-SNLJ |
| | ) |
| JUDGE PATRICK S. FLYNN, | ) |
| in his individual capacity, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Karla K. Allsberry's motion to lift the stay of this matter [#65, #67]. On October 18, 2019, this Court stayed this matter under the *Pullman* abstention doctrine to permit the Missouri state courts to determine whether defendant Judge Patrick Flynn had authority to place plaintiff Allsberry on indefinite administrative leave. *Railroad Commission of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). Judge Richard Callahan, acting as special judge for the Circuit Court of Lincoln County, Missouri has now decided that issue by granting plaintiff Allsberry's Petition for a Declaratory Judgment that Judge Patrick Flynn did not have authority to place her indefinite administrative leave. Although a final judgment has been issued, the defendants have appealed the judgment to the Missouri Court of Appeals. Plaintiff Allsberry filed a cross-appeal, challenging the state trial court judge's determination that he did not have the power and authority to mandate or enjoin defendant Flynn, who was a fellow circuit court judge.

1

In addition to the pending appeals, on February 18, 2021, plaintiff Allsberry filed a petition for writs of Mandamus and/or Prohibition with the Missouri Court of Appeals, seeking a writ requiring Flynn to permit Allsberry to resume her duties and re-enter her office while the appeals of the Missouri state action were pending. Allsberry's petition was denied by the Court of Appeals the same day. On February 22, Allsberry filed an identical petition for writs of Mandamus and Prohibition with the Missouri Supreme Court. As of this date, the Supreme Court has not requested a response in opposition from Flynn, and Allsberry's petition remains pending.

Finally, defendant Flynn applied for pre-disposition transfer of the appeals to the Supreme Court under Missouri Supreme Court Rule 83.01. Such transfer would bypass what may be a lengthy appeals process in the Court of Appeals. Flynn maintains that the novel issue of state law at issue—the interpretation of § 475.240 RSMo, which has not been interpreted as it relates to the authority of a presiding judge over an elected circuit court clerk—must ultimately be determined by the Missouri Supreme Court. Plaintiff Allsberry does not oppose the transfer application. However, Allsberry did not consent to the application, either. Allsberry's attorney stated that Allsberry

> does not consent to transferring this case to the Missouri Supreme Court before a decision by the Court of Appeals, believing that the more efficient way to resolve Jduge Flynn's appeal is for the Court of Appeals to rule on an expedited basis, while [Allsberry] resumes performance of her duties as the elected clerk either render a writ by the Missouri Supreme Court or an injunction by the Federal Court or failing either of those two methods, by self help.

[#76-1.]

2

This Court ordered the parties to brief whether the *Pullman* abstention doctrine applies while the matter is on appeal in the state court. Plaintiff Allsberry has filed a memorandum urging lifting the stay; defendant Judge Flynn filed a memorandum advocating for continuing the abstention, and the other defendants have adopted Flynn's memorandum as their own.

Upon consideration of the parties' memoranda, the Court will continue to abstain from deciding the merits of this case and pending substantive motions while the matter is on appeal.

The parties agree that no binding precedent exists to guide this Court. As this Court observed

> The *Pullman* abstention doctrine "requires a federal court to refrain from exercising jurisdiction when the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." *Doe v. McCulloch*, 835 F.3d 785, 788 (8th Cir. 2016). Thus, "*Pullman* abstention presupposes two conditions: (1) there must be an unsettled issue of state law, and (2) there must be a possibility that state law determination will moot the federal constitutional question raised." *Nat'l City Lines, Inc. v. LLC Corp.*, 687 F.2d 1122, 1226 (8th Cir. 1982).

[#37 at 4.] This Court then concluded that

> the best course of action in this case is to allow the Missouri courts to weigh in and resolve many of the open questions of state law on a topic of considerable importance to Missouri's sovereignty. *See Ahrensfeld v. Stephens*, 528 F.2d 193, 200 (7th Cir. 1975). Only upon having that opportunity would it be proper for this Court to scrutinize those decisions under the principles of federal constitutional law.

[*Id.* at 7.] Obviously, the Missouri courts are not finished addressing the novel issue of state law raised by these proceedings.

3

Plaintiff argues that this Court should lift the stay and take up the case on the merits because there has already been such a substantial delay. Although she continues to receive her full salary and benefits, plaintiff asks this Court to order Flynn to allow her to return to her office and resume her duties as clerk of the court. However, plaintiff's complaint about delay is somewhat belied by her refusal to consent to transfer the appeals to the Missouri Supreme Court even though that is the court that will ultimately decide the issues. Further, she has a petition pending for writs seeking the same relief from the Missouri Supreme Court that she seeks here. Moreover, she may seek expedited treatment by the state courts. In light of all of the above circumstances, this Court will continue to apply the *Pullman* abstention doctrine during the pendency of the appeals and other matters before the state courts. *See, e.g., Rivera-Feliciano v. Acevedo-Vila*, 438 F.3d 50 (1st Cir. 2006) (holding that abstention was necessary to allow appeals to run their course to the Puerto Rico Supreme Court for a final determination of Puerto Rico statutory and administrative law).

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to lift stay [#65, #67] is DENIED.

**IT IS FURTHER ORDERED** that this Court **ABSTAINS** from deciding the merits of plaintiff Karla K. Allsberry's remaining motions, and those motions are denied without prejudice. This case is hereby **STAYED** pending the parties' litigation of the state-law questions in the Missouri state courts.

So ordered this 2nd day of April, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE