UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **KARLA K. ALLSBERRY, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   Case No. 4:19-cv-02366-SNLJ |
| | ) |
| **JUDGE PATRICK S. FLYNN,** | ) |
| **in his individual capacity, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Karla Allsberry is the Lincoln County, Missouri Circuit Court Clerk. She took office January 1, 2019. Defendant Judge Patrick Flynn was elected at the same time and took office in the same Circuit on the same day. Both ran for office as Republicans. Tensions between Allsberry and Flynn, however, began to escalate nearly immediately after the two took office. On May 28, 2019, defendant Flynn placed plaintiff Allsberry on administrative leave with pay and benefits and barred her entry into the courthouse. Days before her suspension, Allsberry filed a petition in Cole County, Missouri, against the Missouri Circuit Court Budget Committee and several state court judges over a dispute about whether she or Flynn had the authority to hire and fire deputy clerks. *See Allsberry v. Ohmer, et al.*, Case No. 19-AC-CC00224 ("Allsberry I").[1]

Plaintiff Allsberry and plaintiff's former deputy clerk, plaintiff Lori Russell, filed the instant case ("Allsberry II") in this Court on August 16, 2019. In this second case,

---

[1] This opinion discusses five related lawsuits. There have been other lawsuits as well, but this Court discusses only five for the sake of brevity and clarity.

which began in federal court, Allsberry filed motions for a temporary restraining order and preliminary injunctive relief asking "the Court to enter a preliminary injunction, without bond, removing Allsberry from indefinite administrative leave, restoring her to the position of elected Clerk of the Circuit Court of Lincoln County, restoring her rights to enter the Justice Center, and barring Judge Flynn from interfering with those rights." *Allsberry*, 2019 WL 5295128 at *2. After hearing oral arguments on the issue, this Court determined that "the interplay between Sections 478.240 and 483.170 is an unsettled issue of state law" of "considerable importance to Missouri's sovereignty." *Id*. at *3, 4. Accordingly, this Court abstained from deciding the issues raised by Allsberry's motion—the validity of Flynn's actions in suspending and removing Allsberry, and the interaction, if any, between Sections 478.240 and 483.170 used to do so—under the *Pullman* doctrine. *Id*. at *4.  This Court stayed the remaining federal and state law issues until the question of Judge Flynn's authority under Sections 478.240 and 483.170 was determined.  Allsberry appealed this Court's decision on October 21, 2019, but the parties later dismissed the appeal.  Allsberry filed a Second Amended Complaint in this Court in March 2020.   The case remained stayed while the parties litigated in state court.

In March 2020, too, Allsberry filed another state court case, *Allsberry v. Flynn, et al.*, Case No. 20L6-CC00031 in Lincoln County, Missouri ("Allsberry III").  The Missouri Supreme Court appointed a special judge, Judge Richard Callahan, to preside. On February 2, 2021, Judge Callahan determined that although Judge Flynn did not have the authority to place Allsberry on indefinite administrative leave, Callahan denied her request for an injunction allowing her to resume her duties as clerk because the court

2

lacked the power to do so.  The case was appealed to the Missouri Court of Appeals for the Eastern District (Case No. ED109468), and that court found fully in favor of Allsberry.  The case was appealed to the Missouri Supreme Court (Case No. SC99257).

On September 14, 2021, the Supreme Court, per curiam, issued its opinion arriving at the same conclusions as the Court of Appeals (1) that Judge Flynn lacked authority to indefinitely suspend Allsberry and (2) that the circuit court of Lincoln County did have authority to issue an injunction against Judge Flynn to enforce the declaratory judgment.  Plaintiff then moved to lift the stay over this case, and, there being no objection from defendants, this Court granted the motion.

Currently pending before this Court are the defendants' motions to dismiss the Second Amended Complaint.  Defendant Flynn also moved to strike [Doc. 101] plaintiffs' filing of the final judgment in Allsberry I [Doc. 100].

The final judgment in Allsberry I was the consequence of the Missouri Supreme Court's September 14 opinion.  It held that Allsberry was the appointing authority for Lincoln County with the authority to hire, fire, and supervise deputy clerks.  Notably, on October 6, 2021, the circuit court in Allsberry III ordered Allsberry restored as clerk and Flynn enjoyed from barring her from the courthouse.  It does not appear that plaintiff filed that judgment in this case, but the Court takes judicial notice of it.

On November 23, 2021, plaintiff Allsberry filed contempt motions against Judge Flynn related to the orders in Allsberry I and III.  In addition, plaintiff Allsberry has filed yet another case in state court, *Allsberry v. Flynn*, Case No. 21L6-CC00131 ("Allsberry IV").  In Allsberry IV, plaintiff brings claims for libel and injunctive relief.  Notably,

plaintiff also filed the Allsberry I final judgment in the Allsberry IV case, and defendant has moved to strike the filing in that case, as well.

The final judgment in Allsberry I has now been appealed to the Western District (Case No. WD84992).  Flynn moved to stay Allsberry I and III (and the relevant motions for contempt therein) because, Flynn says, the appeal of Allsberry I and the new case, Allsberry IV, cover the issues raised by plaintiff's contempt motion.

Plaintiffs here did not respond to Flynn's motion to strike the filing of the final judgment in Allsberry I.  Defendants point out that the judgment is in fact not final and that it has been appealed; further, they assert the filing has no proper or legitimate purpose in this case.  This Court may of course take judicial notice of the judgment in Allsberry I, and this Court declines to strike the filing.

Regardless, the judgment in Allsberry I serves to underscore that—despite this Court's lift of the stay in this case—this matter is still very much intertwined with related, ongoing multiple state court cases:  Allsberry I is now on appeal; Allsberry III has a motion for contempt pending (though a motion for stay has been filed); and Allsberry IV has just begun.

Among plaintiff Allsberry's requests for relief in this case are injunctive relief requiring defendant Flynn to restore Allsberry to her duties as circuit court clerk.  She also seeks injunctive relief preventing Flynn from interfering with the performance of her duties (which he is alleged to have already done, resulting in both the contempt motions in Allsberry I and III and the new lawsuit, Allsberry IV).  Defendant Flynn argues in his motion to dismiss that any relief granted by this Court with respect to those matters

would effectively void the Missouri Supreme Court's June 2019 denial of a writ of prohibition (a legal proceeding separate from the other Allsberry I-IV proceedings).  This Court is unpersuaded by defendant's reference to the denial of the writ of prohibition— such a denial does not constitute a decision on the merits, and Flynn appears to have abandoned this argument.  The writ application decisions would appear to have been superseded by the Missouri Supreme Court's September 14, 2021 decision in Allsberry III.

It appears, however, that matters have not concluded with the state court litigation. This Court is, in accordance with its earlier opinions on this matter [e.g., Doc. 37, Doc. 79],  unwilling to proceed and waste further judicial resources while appeals and other matters are pending with the state court.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion to strike [#101] is DENIED.

**IT IS FURTHER ORDERED** that this Court **ABSTAINS** from deciding the merits of defendants' remaining motions. This case is hereby **STAYED** pending the parties' litigation of the state-law questions in the Missouri state courts.

Dated this 31st day of January, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE